# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN
# MILWAUKEE DIVISION

| | |
|---|---|
| KENNITHA F. McCLAIN, individually, and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>VERTICAL FITNESS GROUP, LLC d/b/a XPERIENCE FITNESS,<br><br>    Defendant. | Case No. 2:20-cv-01452 |

## CLASS ACTION COMPLAINT

**NOW COMES** KENNITHA F. McCLAIN, individually, and on behalf of all others similarly situated, through her undersigned counsel, complaining of Defendant, VERTICAL FITNESS GROUP, LLC d/b/a XPERIENCE FITNESS, as follows:

## NATURE OF THE ACTION

1. This is an action seeking redress for violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*

2. "The primary purpose of the TCPA was to protect individuals from the harassment, invasion of privacy, inconvenience, nuisance, and other harms associated with unsolicited, automated calls." *Parchman v. SLM Corp.,* 896 F.3d 728, 738-39 (6th Cir. 2018) *citing* Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2, 105 Stat. 2394 (1991).

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

4. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

1

## PARTIES

5. KENNITHA F. McCLAIN ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Milwaukee, Wisconsin.

6. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

7. VERTICAL FITNESS GROUP, LLC d/b/a XPERIENCE FITNESS ("Defendant") is a limited liability corporation organized and existing under the laws of Wisconsin.

8. Defendant operates fitness clubs and its stated mission is to provide "gym members with more ways to reach their fitness goals, more advice for a healthy lifestyle and more opportunities to feel unstoppable."[1]

9. Defendant operates multiple gyms in Wisconsin and markets its gym memberships to consumers in Wisconsin.

10. Defendant maintains its principal place of business at 3701 E. Evergreen Drive, Suite 300, Appleton, Wisconsin 54913.

11. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

## FACTUAL ALLEGATIONS

12. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number ending in 8430.

13. At all times relevant, Plaintiff's number ending in 8430 was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

14. At all times relevant, Plaintiff was financially responsible for her cellular telephone equipment and services.

---

[1] https://myxperiencefitness.com/why-our-gym/ (Last accessed September 16, 2020)

15. In 2018, Plaintiff signed up for a gym membership with Defendant.

16. Plaintiff subsequently cancelled her gym membership later on in 2018.

17. Plaintiff did not have an outstanding balance at the time she cancelled her gym membership.

18. On July 17, 2018, Plaintiff received a text message from Defendant seeking to collect payment on the cancelled gym membership.

19. On July 18, 2018, Plaintiff responded to the text message via a text message stating "Stop contacting me."

20. In addition to the text messages, Defendant started placing harassing collection calls to Plaintiff's cellular phone.

21. In the calls in which Plaintiff answered, Plaintiff was met with a lengthy pause before being greeted by a live representative.

22. Once connected with a live representative, Plaintiff requested that the calls and text messages cease.

23. Despite Plaintiff's unambiguous requests that Defendant cease contacting her, Defendant continued placing phone calls and sending text messages to Plaintiff's cellular phone.

24. In response to each text message, Plaintiff responded by requesting that Defendant cease contact with her to no avail.

25. In total, Defendant placed over 50 collection calls and sent over 15 text messages to Plaintiff's cellular phone in 2018 after Plaintiff requested that the Defendant cease contact with her.

## **DAMAGES**

26. Plaintiff significantly values her privacy and solitude.

27. In light of the fact that Plaintiff ended her business relationship with Defendant by cancelling her gym membership, Defendant's phone calls and text messages were highly intrusive and were a nuisance.

28. Moreover, Defendant's phone calls and text messages were especially troubling considering they continued after Plaintiff requested that Defendant cease contact with her.

29. Defendant's phone calls and text messages invaded Plaintiff's privacy and have caused Plaintiff actual harm, including but not limited to, aggravation that accompanies unsolicited phone calls and text messages, increased risk of personal injury resulting from the distraction caused by the phone calls and text messages, wear and tear to Plaintiff's cellular phone, temporary loss of use of Plaintiff's cellular phone while Plaintiff's cellular phone was ringing, loss of battery charge, loss of concentration, nuisance, the per-kilowatt electricity costs required to recharge Plaintiff's cellular telephone as a result of increased usage of Plaintiff's telephone services, and wasting Plaintiff's time.

## CLASS ALLEGATIONS

30. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

31. Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(b)(2) and 23(b)(3) individually, and on behalf of all others similarly situated ("Putative Class") defined as follows:

### TCPA Class

All persons residing in the state of Wisconsin: (a) to whom Defendant or a third party acting on Defendant's behalf, placed phone calls and/or sent text message(s) to his/her cellular phone; (b) in connection with an alleged delinquent account; (c) after he/she requested that the phone calls/and or text messages cease; (d) using an automatic telephone dialing system; (e) at any time in the period that begins four years before the date of the filing of the original complaint through the date of class certification.

4

Case 2:20-cv-01452-LA   Filed 09/16/20   Page 4 of 9   Document 1

32. The following individuals are excluded from the Putative Class: (1) any Judge or Magistrate Judge presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or their parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Putative Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released.

**A.  Numerosity**

33. Upon information and belief, the members of the Putative Class are so numerous that joinder of them is impracticable.

34. The exact number of the members of the Putative Class is unknown to Plaintiff at this time, and can only be determined through targeted discovery.

35. The members of the Putative Class are ascertainable because the Class is defined by reference to objective criteria.

36. The members of the Putative Class are identifiable in that their names, addresses, and telephone numbers can be identified in business records maintained by Defendant.

**B.  Commonality and Predominance**

37. There are many questions of law and fact common to the claims of Plaintiff and the Putative Class.

38. Those questions predominate over any questions that may affect individual members of the Putative Class.

### C. Typicality

39. Plaintiff's claims are typical of members of the Putative Class because Plaintiff and members of the Putative Class are entitled to damages as a result of Defendant's conduct.

### D. Superiority and Manageability

40. This case is also appropriate for class certification as class proceedings are superior to all other available methods for the efficient and fair adjudication of this controversy.

41. The damages suffered by the individual members of the Putative Class will likely be relatively small, especially given the burden and expense required for individual prosecution.

42. By contrast, a class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

43. Economies of effort, expense, and time will be fostered and uniformity of decisions ensured.

### E. Adequate Representation

44. Plaintiff will adequately and fairly represent and protect the interests of the Putative Class.

45. Plaintiff has no interests antagonistic to those of the Putative Class and Defendant has no defenses unique to Plaintiff.

46. Plaintiff has retained competent and experienced counsel in consumer class action litigation.

6

## CLAIMS FOR RELIEF
### COUNT I:
### Telephone Consumer Protection Act (47 U.S.C. § 227 *et. seq*.)
### (On behalf of Plaintiff and the Members of the TCPA Class)

47. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

48. The TCPA prohibits phone calls and text messages to a cellular phone using an automatic telephone system ("ATDS") without the consent of the recipient. 47 U.S.C. §227(b)(1)(A).

49. The TCPA defines ATDS as "equipment which has the capacity—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

50. Upon information and belief, the system employed by Defendant to place phone calls and send text messages to Plaintiff's cellular phone has the capacity to (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers.

51. Defendant violated the TCPA by placing phone calls and sending text messages to Plaintiff's cellular telephone, utilizing an ATDS, without Plaintiff's consent. See 47 U.S.C. § 227 (b)(1)(A)(iii).

52. As pled above, Plaintiff was harmed by Defendant's harassing phone calls and text messages to her cellular phone.

53. Upon information and belief, Defendant does not have policies and procedures to ensure compliance with the TCPA.

54. As pled above, it is clear that Defendant knew it did not have consent to contact Plaintiff on her cellular phone, but did so in utter disregard of the TCPA.

55. As a result of Defendant's violations of the TCPA, Plaintiff and the members of the Putative Class are entitled to receive $500.00 in damages for each such violation.

56. As a result of Defendant's knowing and willful violations of the TCPA, Plaintiff and the members of the Putative Class are entitled to receive up to $1,500.00 in treble damages for each such violation.

**WHEREFORE**, Plaintiff, on behalf of herself and the members of the Putative Class, requests the following relief:

A. an order granting certification of the Putative Class, including the designation of Plaintiff as the named representative, and the appointment of the undersigned as Class Counsel;

B. an order finding that Defendant violated 47 U.S.C. § 227 (b)(1)(A)(iii);

C. an order enjoining Defendant from placing further violating phone calls and text messages;

D. an award of $500.00 in damages to Plaintiff and the members of the Putative Class for each such violation;

E. an award of treble damages up to $1,500.00 to Plaintiff and the members of the Putative Class for each such violation; and

F. an award of such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Date: September 16, 2020                    Respectfully submitted,

**KENNITHA F. McCLAIN**

By: /s/ *Mohammed O. Badwan*

Mohammed O. Badwan, Esq.
Victor T. Metroff, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
mbadwan@sulaimanlaw.com
vmetroff@sulaimanlaw.com